UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE R.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | Case No.: 21cv775-W-MDD<br><br>**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF No. 2] |

This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. On April 20, 2021, Renee R. ("Plaintiff") filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of Plaintiff's application for Social Security Disability benefits. (ECF No. 1). Plaintiff simultaneously filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2). For the reasons set forth herein, the Court **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED**.

All parties instituting any civil action, suit, or proceeding in a district

court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See U.S.C. § 1914(a). An action may proceed despite plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed [IFP] is a privilege not a right." Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965). A party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).

After reviewing Plaintiff's application to proceed IFP, the Court finds that Plaintiff has not made an adequate showing that Plaintiff lacks the financial resources or assets to pay the costs of commencing this action. Plaintiff receives $859.00 a month in retirement benefits and has $1,0025.00 in a savings and checking account combined. (ECF No. 2 at 2). Plaintiff owns a 1998 Buick, although Plaintiff did not provide a valuation of the vehicle. (Id. at 3). Plaintiff reports monthly expenses in the amount of $361.00. (Id. at 5). As such, Plaintiff's monthly income exceeds Plaintiff's monthly expenses by $498.00. (See id.). Accordingly, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. See Adkins, 335 U.S. at 339; see also Rashaad v.

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00. See 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP. Id.

Saul, No. 19cv1126-MMA (MDD), 2019 U.S. Dist. LEXIS 114891, at *2-3 (S.D. Cal. July 10, 2019) (denying the plaintiff's IFP motion where his monthly income exceeded his expenses by $391.50 and the filing fee was $400.00).

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED.**

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **May 27, 2021.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **June 4, 2021.** The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: May 13, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge